IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| BRANDON SCOTT KEATTS,  )<br>    Petitioner,  )<br>  )<br>v.  )<br>  )<br>DAVID COX,  )<br>    Respondent.  ) | Civil Action No. 7:22cv00680<br><br><br><br>By: Michael F. Urbanski<br>Chief United States District Judge |

## DISMISSAL ORDER

    Brandon Scott Keatts, a Virginia inmate proceeding pro se, has filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging the revocation of his probation on several felony matters by a Franklin County Circuit Court judgment entered October 12, 2022. Keatts did not appeal the judgment. Review of the Virginia records online indicates that Keatts also has not filed a habeas petition in state court challenging his revocations. Accordingly, Keatts has not yet exhausted his state court remedies, and this court must summarily dismiss the case without prejudice under Rule 4 of the Rules Governing Section 2254 Cases.

    A federal court may not grant a § 2254 petition unless the petitioner has exhausted the remedies available in the courts of the state in which the petitioner was convicted. 28 U.S.C. § 2254(b). To exhaust his state remedies, Keatts must present his claims to the highest state court with jurisdiction to consider them, in this case, the Supreme Court of Virginia. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). Failure to do so "deprive[s] the state courts of an opportunity to address those claims in the first instance." Coleman v. Thompson, 501 U.S. 722, 730–31 (1991). Where, as here, a petitioner files in federal court

while he still has available state court proceedings in which to litigate his habeas claims, the federal court should dismiss the petition without prejudice, to allow him to exhaust those state court remedies. See Slayton v. Smith, 404 U.S. 53, 54 (1971).

Under Virginia law, Keatts may file a state habeas petition in the circuit court where he was convicted, appealing any unfavorable ruling to the Supreme Court of Virginia, or he may file a state habeas petition directly with the Supreme Court of Virginia. Va. Code § 8.01-654(A)(1). Whichever forum in which he files his state petition, the applicable statute of limitations for his state habeas claim is one year from the date of the judgment entered in the trial court, which means that Keatts still has time to raise his habeas claims in state court. Va. Code § 8.01-654(A)(2). The proper form for filing a state habeas petition, which is required, is set forth in Virginia Code § 8.01-655(B). The proper party to name as respondent is indicated in Code § 8.01-658(B)(1).

## CONCLUSION

For the reasons stated above, it is **ORDERED** that Keatts' petition be summarily **DISMISSED WITHOUT PREJUDICE** because he has not yet exhausted his available state court remedies and that this matter be **STRICKEN** from the docket of this court.

The Clerk is **DIRECTED** to send a copy of this order to Mr. Keatts.

**ENTER:** This 22nd day of February, 2023.

Digitally signed by Michael F. Urbanski   Chief U.S. District Judge
Date: 2023.02.22 17:34:27 -05'00'

Michael F. Urbanski
Chief United States District Court